# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30752

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2019

Lyle W. Cayce
Clerk

EDWARD C. JACKSON,

Petitioner - Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CV-396

Before STEWART, Chief Judge, and SOUTHWICK and ENGELHARDT, Circuit Judges.

PER CURIAM:*

At the conclusion of his bench trial, in 2006, Appellant, Edward C. Jackson, Louisiana prisoner #96696, was convicted of armed robbery and being a felon with a firearm. Initially sentenced to serve 10 years of imprisonment on each count, Jackson was later re-sentenced, as a habitual offender, to 99 years of imprisonment. *State v. Jackson*, 19 So. 3d 631, 632, 637 (La. Ct. App. 2009), *rev'd in part*, 55 So. 3d 767, 773 (La. 2011).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30752

Having failed to obtain appellate or post-conviction relief in the state court system, Jackson filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in federal district court. In seeking federal habeas relief, Jackson argues, amongst other things, that his trial counsel's failure to interview the victim, Kenneth Williams;  failure to check Williams' criminal history;  and failure to investigate Williams' mental history (which would have revealed a schizophrenia diagnosis) constitute ineffective assistance of counsel.[1] Absent these errors, Jackson contends, his counsel would have discovered important exculpatory evidence that likely would have yielded a different verdict relative to his armed robbery charge.

In support of this assertion, Jackson points to an affidavit purportedly executed by Williams in June 2008, which states:

> 1) I testified that Defendant Jackson robbed me of $300.00.
>
> 2) Defendant Jackson never took any finances from me through threat.
>
> 3) I became angry at Mr. Jackson because he kept $8.00 that I had given him and I tried to press into his Motel Room.[2]
>
> 3) I owed him right at that amount for a haircut.
>
> 4) I am Medically Diagnosed Schizophrenic, and my disease causes me to do things for which I later regret.
>
> 5)  Once I filed the complaint against Mr. Jackson, I feared to stand up and say he did not take the money from me.[3]

---

[1] Jackson asserted additional grounds for relief in his amended habeas petition.  This court, however, issued a certificate of appealability only as to Jackson's claim that his trial counsel was ineffective in not interviewing or investigating the victim.

[2] Jackson's trial testimony and affidavit (submitted in support of his motion for new trial for newly discovered evidence) regarding the events of the day in question, November 18, 2005, provide information helpful to understanding the meaning of this sentence. Williams' trial testimony, when considered together with his affidavit, also is helpful.

[3] Williams' affidavit was originally prepared in connection with Jackson's motion for a new trial based on newly discovered evidence, which was denied in state court as untimely filed.  *See Jackson*, 55 So. 3d at 770 n.2.  That decision was affirmed by the Louisiana court

No. 16-30752

Thus, Jackson contends, had his trial attorney interviewed Williams and conducted an appropriate investigation, he would have discovered the exculpatory information set forth in Williams' affidavit.

Although Jackson expressly references the Williams affidavit in his §2254 application, and included the document in his exhibits, neither the "Report and Recommendation of the Magistrate Judge," nor the district judge's Judgment, which adopts the Report and Recommendation, discusses, or even acknowledges, the Williams affidavit or the information set forth therein. Moreover, in recommending that Jackson's § 2254 application be denied, the magistrate judge stated:

> First, Jackson contends his trial counsel failed to interview Williams concerning the robbery. Jackson contends that, had his attorney investigated Williams, he would have gotten a statement or affidavit that would have shown that Jackson did not rob Williams. However, the police report shows that Williams reported to the police that Jackson robbed him of $300 at gunpoint. Jackson *has not alleged or shown that Williams ever gave a statement, an affidavit, or testimony that was favorable to him,* and the evidence does not indicate that Williams would have done so had his trial counsel interviewed him. Jackson's speculation as to what Williams might have said in an interview is not enough to prove his attorney's investigation was inadequate.[4]

Thus, on the instant record, it is not entirely clear whether the district court actually was apprised of the Williams affidavit's existence and considered its contents in evaluating Jackson's §2254 application. Nor can we speculate, given the stakes at issue, and the already disparate views of the sufficiency of the evidence reflected in the state court record of Jackson's direct appeal. Accordingly, to enable us to properly determine Jackson's appeal, we must first

---

of appeal, and Jackson never sought review of that aspect of the court of appeal's decision. *Id.*

[4] *See* April 5, 2016 Report and Recommendation of Magistrate Judge at 7-8 (emphasis added).

3

No. 16-30752

remand this matter to the district court for its assessment of the Williams affidavit relative to the merits of Jackson's § 2254 application.

We REMAND this matter for the district court for action consistent with this opinion.